IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| William Maciorowski, #245911, | ) | |
|---|---|---|
| | ) | C/A No. 0:08-2117-TLW-PJG |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| State of South Carolina; | ) | |
| Warden of Coastal Pre-Release Center; | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment (Docket Entry 25). The petitioner, William Maciorowski ("Maciorowski"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The respondents have filed a motion for summary judgment. Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 27.) Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the petitioner failed to respond to the motion. As the petitioner is proceeding *pro se*, the court filed a second order on January 12, 2009, advising the petitioner that it appeared to the court that he was not opposing the motion and wished to abandon this action, and giving the petitioner an additional fifteen (15) days in which to file his response to the respondents' motion for summary judgment. (Docket Entry 38.) Maciorowski filed a letter with the court on January 21,

2009 which the court is liberally construing as a response in opposition to respondent's motion.[1] (Docket Entry 40.) This motion is now before the court for a Report and Recommendation.

## BACKGROUND

Maciorowski was indicted in January 2005 in Dorchester County for manufacturing ice or crank (05-GS-18-0023). (See App. at 102-104, Docket Entry 26-2 at 104-106.) Maciorowski was represented by Marva Hardee-Thomas, Esquire, and on January 19, 2005, pled guilty as charged. (App. at 1-22, Docket Entry 26-2 at 3-24.) The circuit court sentenced Maciorowski to eight years' imprisonment and a fine of twenty-five thousand dollars. (App. at 21, Docket Entry 26-2 at 23.) Maciorowski did not file a direct appeal.

Maciorowski filed a *pro se* application for post-conviction relief ("PCR") on March 24, 2005. (See Maciorowski v. State of South Carolina, 05-CP-18-0517, App. at 23-28, Docket Entry 26-2 at 25-30.) Maciorowski later submitted an amendment and brief to support his previously filed application. (App. at 29-38, Docket Entry 26-2 at 31-40.) In these filings, Maciorowski raised the following issues:

1) Ineffective Assistance of Counsel
   a) Trial counsel failed to investigate the contentions against Maciorowski.
   b) Trial counsel failed to contest subject matter jurisdiction.
   c) Trial counsel was ineffective due to a conflict of interest.
   c) Trial counsel failed to provide Maciorowski with discovery documents.

2) Guilty Plea was neither knowingly nor voluntarily given and was the product of misinformation, coercion, and ineffective assistance of counsel.

---

[1]Maciorowski's letter simply states that he raised his second ground for federal habeas relief at his PCR hearing and that, if the respondents cannot produce a copy of the search warrant, his conviction should be dismissed. (Docket Entry 40.)

(App. at 23-38, Docket Entry 26-2 at 25-40.) Thereafter, counsel for Maciorowski filed an amended PCR application and memorandum in support on Maciorowski's behalf. (App. at 29-41, Docket Entry 26-2 at 31-43.) In Maciorowski's amended application, the following issues were raised:

> Ineffective assistance of counsel at the trial level in negotiating the guilty plea. . . .
> a) Trial counsel had a conflict of interest in that she represented another Defendant arrested the same night at the same location, James Moore, from December 16, 2004, the date that counsel was appointed to represent Moore until January 19, 2005, the date that Maciorowski plead [sic] guilty[.]
> b) Trial counsel failed to advise Mr. Maciorowski that he could appeal after he was unhappy with the sentence imposed by Judge Buckner.
> c) Trial counsel advised Mr. Maciorowski to waive his right to make the State get a grand jury indictment.

(App. at 39-41, Docket Entry 26-2 at 41-43.) The State filed a return on December 15, 2005. (App. at 42-46, Docket Entry 26-2 at 44-48.)

On January 9, 2007, the PCR court held an evidentiary hearing at which Maciorowski testified on his own behalf and was represented by Charles T. Brooks, III, Esquire. (App. at 47-93, Docket Entry 26-2 at 49-95.) On March 16, 2007, the PCR court entered an order of dismissal with prejudice rejecting Maciorowski's allegations. (App. at 94-101, Docket Entry 26-2 at 96-103.)

Maciorowski timely appealed to the South Carolina Supreme Court. (Docket Entry 26-3.) On his PCR appeal, Maciorowski was represented by LaNelle C. DuRant, Esquire, Appellate Defender of the South Carolina Commission of Indigent Defense, Division of Appellate Defense.

*PJG*

On July 30, 2007, Attorney DuRant filed a Johnson[2] Petition for Writ of Certiorari and Petition to be Relieved as Counsel, in which she raised the following issue:

> Did the PCR court err in failing to find that a conflict of interest existed where petitioner's counsel represented both him and his co-defendant?

(Docket Entry 26-4.) Maciorowski then filed a *pro se* brief in support of the Petition for Certiorari in which he alleged the following:

1) Trial counsel failed to investigate the dismissal of co-defendant's charges based on an illegal search and seizure.

2) Trial counsel had a conflict of interest in that she represented both petitioner and his co-defendant.

3) Trial counsel was confused at the PCR hearing in that she referred to a different case and different defendant that the petitioner had no involvement with.

(Docket Entry 26-5.) The State filed a letter return on August 3, 2007. (Docket Entry 26-6.)

On March 5, 2008, the South Carolina Supreme Court denied the petition for a writ of certiorari after Johnson review (Docket Entry 26-7) and, on March 21, 2008, issued the remittitur (Docket Entry 26-8).

Maciorowski's petition for a writ of habeas corpus filed in this court on June 3, 2008 raises the following claims:

> **Ground One:** Conviction obtainted [*sic*] by plea of guilty was not made voluntarily.
> **Supporting Facts:** My lawyer did not give me the evidence package untill [*sic*] after I was in prison[;] I ask[ed] her for it but she would not give it to me.

---

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

**Ground Two:** Unconstitutional search & seizure
**Supporting Facts:** In my package there in [*sic*] no search warrant. I ask[ed] for a copy of it, but no one can find one.

(See Pet., Docket Entry 1 at 4.)

## DISCUSSION

A. **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B. **Habeas Corpus Standard of Review**

　1. **Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

　2. **Exhaustion Requirement**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly

presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**C.     Respondent's Motion for Summary Judgment**

**1.     Ground One**

Maciorowski's first ground for relief is that his guilty plea was not voluntary. In support of this argument Maciorowski argues that his trial counsel failed to provide him with his discovery until after his guilty plea. (Pet., Docket Entry 1 at 4.)

**i.     Procedural Bar**

To the extent that Maciorowski raises this issue as a freestanding claim, it is procedurally barred from federal habeas review. Maciorowski did not file a direct appeal following his guilty plea. While Maciorowski appears to have raised this issue in his PCR applications both in the context of an ineffective assistance of counsel claim as well as a freestanding claim, the PCR court properly only expressly ruled on Maciorowski's claims of ineffective assistance of counsel. See Drayton v. Evatt, 430 S.E.2d 517, 520 (S.C. 1993) ("Issues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief absent a claim of ineffective assistance of counsel."). Therefore, this issue as a freestanding claim has never been reviewed by the state's highest court. Accordingly, this claim is procedurally barred from federal

habeas corpus review. Matthews, 105 F.3d at 911. Maciorowski has not properly exhausted this claim, and the merits of this claim would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437. Maciorowski has not demonstrated—or even alleged—sufficient cause for the default and resulting prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claims. See Coleman, 501 U.S. at 750.

### ii. Merits

To the extent that Maciorowski asserts in this claim that his trial counsel was ineffective, he is not entitled to relief.

### a. Ineffective Assistance of Counsel Generally

A defendant has a constitutional right to the effective assistance of counsel. Williams v. Florida, 465 U.S. 1109, 1111 n.5 (1984). To demonstrate ineffective assistance of counsel, Maciorowski must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in her representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, Maciorowski must show that trial counsel's errors were so serious that her performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. "To attack the plea [based on the ineffective assistance of counsel], [Maciorowski] must show that the advice he received was not within the range of competence demanded of attorneys in criminal cases." Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 173 (4th Cir. 1981) (internal quotation marks omitted). With

regard to the second prong of Strickland, Maciorowski "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

### b. PCR Applications/Hearing

Maciorowski was arrested along with two co-defendants, Moore and Ackerson, for manufacturing methamphetamine following a search where officers allegedly discovered methamphetamine and associated materials at Maciorowski's residence. (App. at 13, Docket Entry 26-2 at 15.) In his PCR applications, Maciorowski argued that trial counsel was ineffective in failing to provide him with his discovery package prior to the guilty plea and that his trial counsel never secured a copy of the search warrant or other information that led the police to his house. (App. at 23-38, Docket Entry 26-2 at 25-40.) Maciorowski further contended that his guilty plea was not knowingly or voluntarily given.

During the PCR hearing, Maciorowski asserted that he pled guilty based on his lawyer's advice, which he later discovered to be "wrong." (App. at 25, Docket Entry 26-2 at 27.) Maciorowski also claimed he tried to tell his counsel about the search, but she responded by telling him not to worry about it, as the police had probable cause. (App. at 56-57, Docket Entry 26-2 at 58-59.) Maciorowski testified that he thought the search was illegal, and he believed that co-defendant Ackerson's charges were dismissed for this reason. He contended the DEA agent entered

his house without permission and told Maciorowski he had probable cause to search the house due to some martial arts weapons Maciorowski had displayed on his walls; however, the agent found nothing in the house. Maciorowski alleged that the only incriminating evidence was found in a shed which belonged to co-defendant Moore. (App. st 62-64, Docket Entry 26-2 at 64-66.)

Maciorowski also claimed that his trial counsel would not see him to discuss the case, but instead "pushed it into the court too fast." Maciorowski further testified that he did not receive his discovery package until after his guilty plea and that it did not contain a search warrant. (App. at 57-59, Docket Entry 26-2 at 59-61.) On cross-examination, Maciorowski conceded that he just wanted "to go to court and get [the case] over with," and that upon questioning, he was able to describe to the plea judge some of the procedure for making methamphetamine. (App. at 68-69, Docket Entry 26-2 at 70-71.) He stated he did not disagree with the solicitor's statement at the plea hearing that the sheriff's office executed a valid and lawful search warrant because, at the time, he did not understand such issues. (App. at 69, Docket Entry 26-2 at 71.) During redirect examination and upon examination by the court, Maciorowski complained that co-defendant Moore received a far lesser sentence than he received. (App. at 71-73, Docket Entry 26-2 at 73-75.)

Trial counsel also testified at the PCR hearing. She stated that the reason Maciorowski received a different sentence from co-defendant Moore is because Maciorowski had a different sentencing judge than Moore. (App. at 76, Docket Entry 26-2 at 78.) Trial counsel testified that Maciorowski rushed the case to a plea, telling her that he wanted to enter a guilty plea immediately before she had received all of the discovery. She believed that Maciorowski had sent letters to the solicitor stating he wanted to plead guilty. Trial counsel recalled discussing the search with Maciorowski, but pointed out to him that litigating a motion pertaining to the search could affect any plea negotiations. Trial counsel did not recall ever telling Maciorowski not to worry about the

search and denied telling him not to worry about discovery. (App. at 77-84, 86, Docket Entry 26-2 at 79-86.)

### c. Discussion

The PCR court's order of dismissal addressed Maciorowski's claim of ineffective assistance of counsel with regard to the alleged failure to provide discovery and alleged pressure to quickly enter a plea. In ruling on Maciorowski's claim, the PCR court explained that it found trial counsel's testimony credible and Maciorowski's testimony not credible. (App. at 98, Docket Entry 26-2 at 100.) The PCR court indicated that trial counsel testified that Maciorowski "wanted her to work out a deal and get in to court immediately." (App. at 98, Docket Entry 26-2 at 100.) Further, the PCR court explained that trial counsel testified that "she went over all the material regarding the case with [Maciorowski] but [he] was more concerned about getting a deal," and that trial counsel "admitted that she was unable to obtain full discovery because [Maciorowski] insisted on pleading immediately." (Id.) During the plea colloquy, Maciorowski testified that he was fully satisfied with trial counsel and that he had sufficient time to confer with trial counsel. (App. at 11, Docket Entry 26-2 at 13.) He also affirmatively responded that he understood the charge, was giving up his right to confront witnesses or evidence that the state may have against him, and that he was pleading guilty of his own free will and accord. (App. at 9-10, 12, Docket Entry 26-2 at 11-12, 14.)

The PCR court found that Maciorowski's guilty plea was knowingly and voluntarily made and that his guilty plea was not rendered involuntary as a result of ineffective assistance of counsel. (App. at 98-99, Docket Entry 26-2 at 100-01.) The PCR court concluded that Maciorowski failed to carry his burden to establish ineffective assistance of counsel, as Maciorowski did not show that trial counsel's representation fell below the standard of professional reasonableness, and even if it

did, Maciorowski did not demonstrate that he was prejudiced by it. (App. at 97-99, Docket Entry 26-2 at 99-101.)

Based on all of the foregoing, there is no evidence that trial counsel's representation fell below the standard of professional reasonableness and that her advice constituted ineffective assistance of counsel. See Strickland, 466 U.S. at 694; Via, 643 F.2d at 173. Moreover, Maciorowski has not shown that the PCR court's analysis of this issue, or the appellate court's decision to deny certiorari, misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams v. Taylor, 529 U.S. at 410.

For the foregoing reasons, Maciorowski is not entitled to habeas relief on this ground.

**2.     Ground Two**

Maciorowski's second ground for relief asserts an unconstitutional search and seizure. In support of this argument, Maciorowski argues that the discovery that he has received pertaining to his case does not contain a search warrant and he alleges that no one can find it. (Pet., Docket Entry 1 at 4.)

**i.     Procedural Bar**

As stated above, Maciorowski did not file a direct appeal following his guilty plea. While Maciorowski expressed complaints about the search warrant, or lack thereof, at his PCR hearing, the PCR court properly did not rule on this issue as a freestanding claim. See Drayton, 430 S.E.2d at 520 ("Issues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief absent a claim of ineffective assistance of counsel."). Therefore, this issue as a freestanding claim has never been reviewed by the state's highest court. Accordingly, this claim is procedurally barred from federal habeas corpus review, as Maciorowski has not properly exhausted this claim and the merits of this claim would be found to be procedurally

defaulted (or barred) under independent and adequate state procedural rules. Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437. Maciorowski has not demonstrated—or even alleged—sufficient cause for the default and resulting prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claims. See Coleman, 501 U.S. at 750.

### ii. Merits

Even if this claim were properly exhausted, it must be rejected. An alleged violation of the Fourth Amendment as a freestanding claim cannot constitute grounds for federal habeas relief. See Stone v. Powell, 428 U.S. 465, 494 (1976) (concluding that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial"). While trial counsel's failure to litigate a Fourth Amendment claim is cognizable in a federal habeas corpus matter when raised as a claim of ineffective assistance of counsel, Maciorowski has only presented it as a freestanding claim. See Kimmelman v. Morrison, 477 U.S. 365 (1986).

Therefore, Maciorowski is not entitled to habeas relief on this ground.

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the respondents' motion for summary judgment (Docket Entry 25) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 20, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).